IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| VELMA LYDIA GARZA | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 20-CV-166 |
| | § | |
| PAUL EDWARD STINE *and* | § | |
| CONTRACT FREIGHTERS, INC. | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, VELMA LYDIA GARZA, Plaintiff in the above-styled and numbered cause, and files this Original Complaint, complaining of and about PAUL EDWARD STINE and CONTRACT FREIGHTERS, INC., (hereinafter "CFI") Defendants, and in support thereof would respectfully show unto this Court as follows:

1.
Parties and Service

1.1    Plaintiff, Velma Lydia Garza, is an individual residing in Laredo, Webb County, Texas, and brings this action individually.

1.2    Defendant, Paul Edward Stine, is an individual residing in Navajo County, Arizona, and may be served with process by personally serving him at his last known address: 2600 W. Owens St., Show Low, Arizona 85901.

1.3    Defendant, Contract Freighters, Inc., is a foreign corporation organized and existing under the laws of the State of Missouri, with its principal office located at 4701 E. 32nd St., Joplin, Missouri, 64804, and may be served with process by serving, via certified mail, its registered agent

1

for service in Texas: Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

## 2.
## Jurisdiction and Venue

2.1 This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

2.2 This Court has jurisdiction over the foreign corporate defendant because it has purposefully availed itself by engaging in business in the State of Texas and in this judicial district.

2.3 Venue is proper in this matter pursuant to Title 28 U.S.C. §1391(b) because the cause of action arose within the Southern District of Texas, Laredo Division.

2.4 Venue is proper in this district under 28 U.S.C. §1402(b) because the acts and omissions complained of occurred in this district.

## 3.
## Factual Background

3.1 This lawsuit arises from a motor vehicle collision that occurred on or about June 25, 2019 in Laredo, Webb County, Texas. At approximately 10:05 p.m., Ms. Garza was the restrained driver of a 2017 Ram 1500 truck that was stationary for a red light while facing east on Victoria Street, at the intersection with San Dario Ave. Ms. Garza safely and properly entered the intersection when her light turned to green.

3.2 At said date, time, and location, Defendant Stine was operating a 2016 Kenworth tractor and trailer combination traveling north on San Dario Ave. in Laredo, Webb County, Texas, while in the course, scope, and in furtherance of his employment with Defendant CFI. Suddenly

and without warning, Defendant Stine disregarded a red light and entered the intersection when unsafe to do so, resulting in a collision with Ms. Garza's vehicle.

3.3 As a direct and proximate result of the collision, Ms. Garza has suffered physical and emotional injuries and damages. As a result of the physical and emotional injuries, Ms. Garza has incurred reasonable and necessary medical expenses and, in all probability, will continue to incur reasonable and medical expenses well into the future.

3.4 At the time of the collision, Defendant Stine was an employee of Defendant CFI and was acting within the course, scope, and in furtherance of his employment. Pleading further and in the alternative, Defendant Stine was a statutory employee under the Statutory Employee Doctrine. In this regard, and interstate motor carrier such as Defendant CFI is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49.U.S.C.A. §14102(a) (1997). As a result, Defendant CFI had exclusive control of the tractor-trailer combination operated by Defendant Stine, and such carriers are deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12 (2000). Thus, Defendant CFI is vicariously liable, as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligent acts and/or omissions committed by Defendant Stine.

3.5 Alternatively, Defendant CFI is vicariously liable with respect to all negligent acts and/or omissions by Defendant Stine under traditional common-law doctrines of the master-servant relationship and *respondeat superior.*

4.
Cause of Action Against Defendant Stine

4.1 Defendant CFI is the responsible party for the actions of its employee, Defendant Stine, who was acting within the course and scope of his employment.

4.2     Under the doctrine of *respondeat superior*, Defendant CFI is vicariously liable for the actions of its employee, Defendant Stine, while in the course and scope of his employment. The collision and resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant CFI's employee in one or more of the following particulars:

4.2.1   In that Defendant Stine disregarded a red traffic signal and entered the intersection when unsafe to do so;

4.2.2   In that Defendant Stine failed to drive at a speed that is reasonable and prudent under the circumstances in violation of §545.062 of the Texas Transportation Code;

4.2.3   In that Defendant Stine failed to keep a proper lookout in order to avoid colliding with other vehicles, specifically, with Plaintiff's motor vehicle, as done by a person of ordinary prudence under the same or similar circumstances;

4.2.4   In that Defendant Stine failed to apply his brakes to his motor vehicle in a timely and prudent manner;

4.2.5   In placing Plaintiff in a position of peril due to Defendant Stine's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity § 545.401 of the Texas Transportation Code;

4.2.6   In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

4.2.7   In failing to use the tractor trailer's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

4.2.8   Defendant Stine operated his vehicle in violation of hours of service regulation, 49 C.F,R, 395.3, and when too tired to do so safely, in violation of 49 C.F.R. 392.3;

4.2.9   Defendant Stine failed to properly record his duty status, in violation of 49 C.F.R. 395.8;

4.2.10  Defendant Stine failed to properly inspect his vehicle prior to operation, in violation of 49 C.F.R. 36.13;

4.2.11  Defendant Stine operated his vehicle in an unsafe condition, in violation of 49 C.F.R 396.7;

      4.2.12 Defendant Stine failed to properly report the results of the vehicle inspections, in violation of 49 C.F.R 396.11; and/or

      4.2.13 Defendant Stine drove a vehicle he was not qualified to operate because he did not meet the driver qualification standards of 49 C.F.R 391.21 through 49 C.F.R 391.27 and 49 C.F.R 391.15.

4.3    Plaintiffs' injuries were proximately caused by Defendant Stine's negligent, careless and reckless disregard of said legal duties.

4.4    Further, Defendant committed negligence *per se* by failing to exercise the mandatory standard of care in violation of V.T.C.A. Transportation Code §544.007(d), which mandates that *a driver facing a steady red traffic signal must stop and not enter the intersection until an indication to proceed is displayed*.

4.5    Each of these acts and/or omissions, whether taken singularly or in any combination, constituted negligence, negligence per se, and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff has suffered and which Plaintiff will continue to suffer in the future.

4.6    The above-referenced acts and/or omissions by Defendant Stine constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant Stine was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Stine was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

4.7     Defendant Stine's acts or omissions described above, when viewed objectively from his standpoint at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

4.8     Defendant Stine had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

4.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 5.
## Causes of Action Against Defendant CFI

5.1     Defendant CFI is liable under the doctrine of *respondeat superior* in that Defendant Stine was operating the vehicle in the course and scope of his employment with Defendant CFI at the time of the collision, and Defendant Stine was engaged in the furtherance of Defendant CFI's business.

5.2     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Stine was engaged in accomplishing a task for which Defendant Stine was employed. Thus, Plaintiff invokes the legal doctrine of *respondeat superior* against Defendant CFI.

5.3     Furthermore, Defendant CFI was independently negligent in one or more of the following respects:

   a.   negligent hiring of Defendant Stine;
   b.   negligent entrustment of the vehicle to Defendant Stine;
   c.   negligent driver qualification of Defendant Stine;
   d.   negligent training and supervision of Defendant Stine;
   e.   negligent retention of Defendant Stine;
   f.   negligent contracting of Defendant Stine; and,
   g.   negligent maintenance of the subject commercial motor vehicle.

5.4     As described herein, Defendant CFI was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

5.5     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, as well as the damages and other losses to Plaintiff.

5.6     The above-referenced acts and/or omissions by Defendant CFI constituted gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant CFI was heedless and reckless, and their actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

5.7     Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

5.8     Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

5.9     The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## 6.
### Exemplary Damages

6.1     Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.  The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

6.2     Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury.

## 7.
### Damages for Velma Garza

7.1     As a direct and proximate result of the actions of Defendants as set forth above, Plaintiff, Velma Garza, sustained personal injuries which have resulted in losses and damages recoverable by law.

7.2     Plaintiff would respectfully request the Court to determine the amount of loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from physical and mental pain and suffering.  There are certain elements of damages, provided by law, that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries and damages and losses incurred and to be incurred in the future.

7.3     From the date of the collision until the time of trial of this case, those elements of damages to be considered separately and individually for the purposes of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

    7.3.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Velma Garza, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

    7.3.2    Physical pain and suffering that the Plaintiff has suffered from the date of the incident in question to the time of trial;

    7.3.3    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and

    7.3.4    The damages resulting from the mental anguish suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform;

7.4    From the time of trial of the case, the elements of damages to be separately and individually considered which Plaintiff will sustain in the future beyond the time of trial are the following:

    7.4.1    The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff's injuries in the future beyond the time of trial;

    7.4.2    Physical pain and suffering that the Plaintiff will suffer in the future beyond the time of trial;

    7.4.3    The damages resulting from the physical impairment the Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial;

    7.4.4    Loss of earning capacity in the past and which will, in all probability be incurred in the future; and

    7.4.5    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

## 8.
## Interest on Damages

8.1    To the extent provided by law, Plaintiff further pleads for pre and post judgment interest, at the highest prevailing judgment rate allowed by law, on any damages awarded by this

Court. Plaintiff pleads that if she is not allowed such pre and post judgment interest, that she would not be fully compensated, and that she would be denied an opportunity to earn interest on the damages Plaintiff sustained between the time of the incident and the time of judgment.

9.
Jury Demand

9.1   Plaintiff requests a trial by jury.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Velma Garza, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

> Respectfully submitted,
>
> By:  **/s/ *Daniel Torres***
> Daniel A. Torres
> State Bar No. 24046985
> Federal Bar No. 573645
> daniel@jvlawfirm.com
> Javier Villarreal
> State Bar No. 24028097
> Federal Bar No. 30384
> jv@jvlawfirm.com
>
> **ATTORNEYS FOR PLAINTIFF**

**Of Counsel:**
**VILLARREAL & BEGUM, L.L.C.**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877